SIEVERS v. BARTON.

ASSAULT—CIVIL ACTION—PROVOCATION—CHARGE.

Although plaintiff provoked an assault in which he was injured by defendant, the court properly instructed the jury, in an action for the injuries caused by defendant, that the punishment inflicted was unwarrantably severe, submitting to them the question of damages only, upon testimony that the defendant entered plaintiff's yard in a threatening manner, and, when plaintiff struck him, knocked plaintiff down and severely bruised and cut him.

Error to Wayne; Van Zile, J. Submitted June 19, 1913. (Docket No. 20.) Decided March 28, 1914.

Case by Gustave Sievers against Irving W. Barton for trespass *vi et armis*. Judgment for plaintiff. Defendant brings error. Affirmed.

*William D. Ellsworth,* for appellant.
*William Look,* for appellee.

McALVAY, C. J. This case was brought in justice's court in Wayne county by plaintiff in an action of trespass, claiming damages for assault and battery committed on him by defendant. It was appealed to the circuit court, and a trial before a jury resulted in a verdict in favor of plaintiff for the sum of $85. The case is brought to this court for review upon writ of error by defendant.

The parties to this suit lived in the city of Detroit upon adjoining premises, and apparently not with very friendly relations toward each other. In May, 1911, plaintiff, who was at work digging with a spade in his garden, with his wife near him, remarked to her that "somebody got a licking." He said this within the hearing of defendant's wife, who was sitting in her back yard. The cause of this remark

was that an adopted daughter of defendant was being punished by him in the house, of which plaintiff knew nothing except the resulting noise. Defendant's wife suggested to plaintiff that he mind his own business. Plaintiff then, after such remark, placed his thumb to his nose, describing an arc of a circle with his fingers. Defendant, having heard voices, appeared at his door while plaintiff was thus exercising his hand, and demanded why he insulted his wife, and, as plaintiff claims, at once jumped over the dividing fence into plaintiff's yard, coming at him in a threatening manner; in self-defense, expecting an attack, plaintiff struck him with the handle of his spade, whereupon defendant struck plaintiff several severe blows, knocked him down, and gave him a severe beating.

Defendant's version of the circumstances is that he came out of his house, got upon this fence, and asked plaintiff what he meant by that motion to his wife, when plaintiff struck him with the spade; that he grabbed it and was pulled over the fence by the plaintiff into his yard, and struck plaintiff in defending himself.

It does not seem to be disputed but that plaintiff was considerably injured. The doctor who was called testified he was bruised about the face and had a cut on the left temple down to the bone, which required stitches to close it. This he did with the assistance of another doctor, who administered the chloroform. Plaintiff was a bookbinder, receiving $19 a week, and lost seven working days. He paid for the services of the two doctors, according to their testimony, $40.

The errors assigned and relied upon by appellant relate to refusals to charge as requested and to certain portions of the charge of the court. The substance of the requests of defendant which should have been given were included in the main charge of the court and relate to the fundamental principles of law

applying to such a case. As to the portions of the charge objected to, we find from an examination of the record that the court, under the undisputed evidence in this case, was justified in charging the jury as he did, indicating that the punishment which defendant inflicted upon the plaintiff was unwarranted, and leaving only the question of damages to the jury.

The judgment of the circuit court is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.